### K. E. GUY v. THE STATE.

No. 13345. Delivered November 12, 1930.
Reported in 32 S. W. (2d) 460.

The opinion states the case.

*Frank Winters* and *Louis Wilson,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the medical practice act; punishment, a fine of $50.00 and one day in jail.

He who "practices medicine" in terms of subdiv. 1 of Art. 741, P. C., is one who "Publicly professes to be a physician or surgeon and shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury," etc. This was the gravamen of the charge against appellant. There was a second count in the information charging the offense set out in subdivision 2 of said article, supra, but same was stricken out upon motion of the defense. We have examined the facts in this case with much care, and are of opinion that same do not make out a case measuring up to the allegations in the first count of the information.

It would be necessary for the State to prove that the accused "Publicly professed to be a physician or surgeon." The party alleged in the information to have been treated by appellant was one Hendrix, a boy. The brother and sister of Hendrix testified as State witnesses. Both affirmed that appellant did not profess to be a physician or surgeon. Aside from these, the State only offered the secretary of the State Board of Medical Examiners, who testified that the records and entries of his office failed to show that appellant had license to practice medicine, and a deputy district clerk who swore that the records of the district clerk's office of Dallas county did not show that appellant registered any license to practice medicine, and a deputy county clerk of said county who testified to what the city directory showed, viz.: that on a certain page appeared the following: "Guy Chiropractic Office, K. E. Guy in charge. X-Ray equipment, 13th year. Office hours 9 to 12:30 A. M., 3 to 6 P. M. Suite 207-8 Leggett Building, Elm and Ervay Streets. Phones: 2-6657; residence Phone 3-5634." Also the following: "2-6657. The Guy Chiropractic Office. Suite 308 Allen Building, Commerce and Ervay. Private Dressing and Rest Rooms. Lady Attendant. X-Ray. Scientific Physiotherapy. 3 Years Palmer Graduates. Kennedth E. Guy D. C. Phy. C. in charge. We make residence calls. Office 2-6657;

residence 5-9255," and a deputy tax collector who read from the assessor's records of said county showing that K. E. Guy was a "Chiropractor," 31 years of age, ten years in the State, etc. There was no proof that the party referred to was this appellant. The brother of the Hendrix child above referred to, testified that he was present when appellant came to see the child, and that appellant did nothing that he ever saw a regular physician or surgeon do. When the State rested appellant moved for an instructed verdict, which was refused. In our opinion this was error.

The definition of physician as "One authorized to prescribe remedies for and treat diseases, a doctor of medicine," is approved in Prowitt v. City of Denver, 11 Col. 70, and Castner v. Sliker, 33 N. J. 507, in which latter case appears the statement that a physician in common parlance is one skilled in both medicine and surgery. In Harrison v. State, 102 Ala. 170, the word "physician" is defined as one who has received a degree of M. D.; one who lawfully practices medicine; one who professes or practices medicine for the healing art. In an effort to arrive at whether appellant was proven to be a physician under any well considered definition, we must not forget also that it must be proved further that he "publicly professed" himself to be a physician and surgeon, this being the allegation of the information and the demand of the law. This we think the State failed to prove. We find in the record a lengthy argument by distinguished counsel representing appellant which shows much research and labor, attacking the constitutionality of the statute. This court declines to discuss such questions in any case in which it is of opinion that the case should be reversed for other reasons.

Believing the facts to not sustain the allegations of the affidavit and information, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*