

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 30, 1950

Hon. Dorman Nickels
County Attorney
Wharton County
Wharton, Texas

Dear Mr. Nickels:

Opinion No. V-1024.

Re: The authority of the
Board of Managers of
a county hospital to
appoint an osteopath
to its staff of "visit-
ing physicians."

Your request for an opinion is as follows:

"Nightingale Hospital is a county insti-
tution owned and operated by Wharton County
at El Campo, Texas. This hospital has been
established and is operating under Title 71,
Chap. 5, R.C.S. of Texas. Said hospital is
managed by a Board of Managers appointed un-
der authority of Art. 4479, R.C.S. of Texas
and said Board desires to appoint a staff of
visiting physicians as is provided for in Art.
4480, R.C.S. of Texas.

"QUESTION

"Is an 'osteopath' a 'physician' such as
will entitle him to serve on the staff of vis-
iting physicians appointed by the Board of
Managers for a county hospital?"

Article 4480, V.C.S., provides in part as fol-
lows:

"The board of managers shall elect from
among its members a president, and one or more
vice-presidents and a secretary and a treasur-
er. It shall appoint a superintendent of the
hospital who shall hold office at the pleasure
of said board. Said superintendent shall not
be a member of the board, and shall be a qual-
ified practitioner of medicine, or be special-
ly trained for work of such character.

"The board shall also appoint a staff of

visiting physicians who shall serve without
pay from the county, and who shall visit and
treat hospital patients at the request either
of the managers or of the superintendent."

The authority for the Board of Managers of the
County Hospital to appoint an osteopath to the staff of
visiting physicians requires an interpretation of that
portion of Article 4480 which states that the Board shall
appoint a staff of visiting physicians and whether an os-
teopath is a physician.

Article 4510, V.C.S., provides:

"Any person shall be regarded as practic-
ing medicine within the meaning of this law:

"(1) Who shall publicly profess to be a
physician or surgeon and shall treat, or of-
fer to treat, any disease or disorder, mental
or physical, or any physical deformity or in-
jury, by any system or method, or to effect
cures thereof; (2) or who shall treat or offer
to treat any disease or disorder, mental or
physical or any physical deformity or injury
by any system or method and to effect cures
thereof and charge therefor directly or indi-
rectly, money or other compensation; provided,
however, that the provisions of this Article
shall be construed with and in view of Arti-
cle 740, Penal Code of Texas, and Article 4504,
Revised Civil Statutes of Texas as contained
in this Act."

In Attorney General Opinion No. 0-1298, dated
September 18, 1939, this office stated that the practice
of osteopathy has consistently been held to be within the
phrase, "the practice of medicine." See Newman v. State,
124 S.W. 956 (Tex.Civ.App. 1910); Hayman v. City of Gal-
veston, 273 U.S. 414 (1927); Collins v. State of Texas,
223 U.S. 288 (1912); Ex Parte Collins, 57 Tex.Crim. 2,
121 S.W. 501 (1909).

Article 4511, V.C.S., provides:

"The terms, 'physician,' and 'surgeon,'
as used in this law, shall be construed as
synonymous, and the terms, 'practitioners,'
'practitioners of medicine,' and, 'practice

of medicine,' as used in this law, shall be construed to refer to and include physicians and surgeons."

In Guy v. State, 116 Tex.Crim. 392, 32 S.W.2d 460 (1930), the court said:

"The definition of 'physician' as 'one authorized to prescribe remedies for and treat diseases, a doctor of medicine,' is approved in Prowitt v. Denver, 11 Colo. App. 70, 52 P. 286, and Castner v. Sliker, 33 N.J. Law 507, in which latter case appears the statement that a physician in common parlance is one skilled in both medicine and surgery. In Harrison v. State, 102 Ala. 170, 15 So. 563, the word 'physician' is defined as one who has received a degree of M.D.; one who lawfully practices medicine; one who professes or practices medicine for the healing art."

Inasmuch as an osteopath is a physician and is a practitioner of medicine within the meaning of the above statutes as construed by the courts, we agree with your conclusion that an osteopath may in the discretion of the Board of Managers be appointed to the staff of visiting physicians. The language "appoint a staff of visiting physicians" is not definite, but it is our opinion that the appointment of an osteopath would come within the meaning of the language used in the statute. Since it is within the discretion of the Board as to whom will be appointed, it necessarily follows that it would be discretionary as to whether an osteopath is appointed to the staff of visiting physicians.

## SUMMARY

An osteopath is a practitioner of medicine within the meaning of the law (Articles 4510 and 4511, V.C.S.) and is eligible for appointment to the staff of visiting physicians appointed by a Board of Managers for a county hospital. All appointments to the

staff of visiting physicians rest within
the discretion of the Board of Managers.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By Burnell Waldrep
Burnell Waldrep
Assistant

Charles D. Mathews
Executive Assistant

BW:bh:mw:jmc