IYONNE FRANKLIN V. STATE

No. 28,944. April 10, 1957.

*Jack W. Knight*, Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White*, Assistant District Attorney, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is unlawfully practicing medicine.

The complaint and information were drawn under Arts. 741 and 742 P.C. and were in two counts.

Count 1 alleged in part that she did treat and offer to treat one W. E. Fish for a disease and physical disorder, mental and physical, and a physical deformity and injury, and to effect a cure thereof and charge therefor, without first having registered in the office of the district clerk of Harris County, the county wherein she resided and maintained an office, a certificate evidencing her right to practice medicine.

Count 2 alleged that appellant "did then and there unlawfully publicly profess to be a physician and surgeon and did then and there treat and offer to treat" such a disease, disorder, deformity and injury and effect a cure thereof, without having first so registered, etc.

Both counts were submitted to the jury but with instructions that the defendant could be found guilty on only one, and if the jury should find her guilty at all they should state upon which count they found her guilty.

The jury found appellant guilty on the second count and assessed her punishment at a $500 fine and 30 days in jail.

In Guy v. State, 116 Texas Cr. Rep. 392, 32 S.W. 2d 460, this court held that the gravamen of the offense defined in Subdivision 1 of Art. 741 P.C. was that the accused publicly profess to be a physician or surgeon and shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, etc.

The state concedes that there is no testimony in the record that appellant publicly professed to be a physician or surgeon, and the effect of the jury's verdict was to acquit her of treating or offering to treat W. E. Fish, the only person whom the evidence tends ot show she treated or professed to be able to cure of a mental and physical disorder.

The evidence is insufficient to support the allegations of Count 2 of the information, therefore, the judgment is reversed and the cause remanded.