**H. M. SHELTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36847.**

Court of Criminal Appeals of Texas.

April 8, 1964.

Ney Wade, Dallas, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

Foster, Lewis, Langley & Onion, by James C. Onion (On Appeal Only), San Antonio, Forrestt A. Bennett, San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the unlawful practice of medicine; the punishment, 15 days in jail and a fine of $500.00.

The information, omitting the formal portions reads as follows:

"H. M. Shelton, a resident of and maintaining an office in Bexar County, Texas, did then and there in the County aforesaid, unlawfully practice medicine by publicly professing to be a physician and surgeon in offering to treat John T. Richter, a human being, for a disorder and disease, mental and physical and to effect a cure thereof when and while the said H. M. Shelton had not then and there obtained a license and certificate from the Texas State Board of Medical Examiners and had not then and there registered said license and certificate in the office of the District Clerk of said County."

The State relied upon the testimony of Investigator Richter of the State Board of Medical Examiners. He stated that he entered a building in San Antonio (if there were any signs in front thereof or on the door, he does not mention it), saw two women dressed in white uniforms, told them his name was Johnny Kyle, and asked to see Dr. Shelton. While waiting, he looked into a room and saw an elderly lady in bed. Soon thereafter, appellant appeared, attired in a sport shirt, and answered in the affirmative when Richter inquired if he was Dr. Shelton. The two repaired to an office in which there were a number of books, and the witness told appellant that he thought he had an ulcer because he had pains in his stomach. Appellant told the witness that "he could get rid of the ulcer if I would stay in this establishment for six weeks * * * and during this time I would eat nothing, I would go on a fast, I couldn't smoke and I couldn't eat for six weeks." During the course of their conversation appellant told the witness that if he "went to a medical doctor they would want to cut on me" and said, "Do you want that?", to which the witness answered in the negative. The witness admitted that at no time did appellant represent himself to be a medical doctor, a physician or a surgeon. The witness admitted that he knew that appellant was a Doctor of Philosophy and was a licensed chiropractor. No money changed hands, nor did appellant attempt to examine the witness or prescribe for him other than is set forth above. The witness told appellant that he would have to get the money from his mother to pay for his room at the institution, and secured from appellant the following letter, which we copy in full including the printing at the top and bottom:

"DR. SHELTON'S HEALTH SCHOOL
WHERE HEALTH IS BUILT . . . NOT BOUGHT
P. O. Box 1277 San Antonio 6, Texas
Telephone Bulverde, Tex., GEneva 8–2454

April 11, 1963

Mrs. Mary Kyle:

I have discussed your son's gastric ulcer with him and have assured him that he can make a full recovery in five to six weeks time. This will require that he come here and undergo a fast of sufficient duration for the rest of the stomach to enable it to heal itself.
The rate for stay in the Health School is fifty dollars a week. After he resulmed eating, there will be a slight additional cost, a small sales tax on meals. This amount___ to forty two

·cents a week, but does not apply while he is fasting.

My suggestion is that he undergo the fast at once and not permit the ulcer to become worse.

I am

Respectfully,
s/ H. M. Shelton
H. M. Shelton

Corrective Exercise—Health Instruction—Toxin Elimination Physical Culture—Rational Fasting—Body Moulding—Natural Diet—Sun Bathing—Rest

Not a Medical Institution. NO Medicines — Drugs — Serums Vaccines — Surgery"

We deem it unnecessary to discuss appellant's testimony in his own behalf, other than to observe that he denied that he ever told anyone that he was an M.D., a physician, or surgeon, and claimed to be a teacher who taught people "better ways of life." He stated that he believed the human body ·could cure its own ills and that fasting was sometimes a necessary step in right living.

The appellant relies on Guy v. State, 116 Tex.Cr.R. 392, 32 S.W.2d 460, and contends that the evidence is insufficient to support the allegation that appellant publicly professed to be a physician and surgeon. In Franklin v. State, 164 Tex.Cr.R. 480, 301 S.W.2d 140, Guy v. State was cited as authority for reversing the cause on the grounds that there was no testimony in the record that appellant had publicly professed to be a physician and surgeon. We observe that in Franklin the appellant introduced in evidence a Doctor of Psychology Degree from the American Institute of Applied Psychology and quote from the able State's brief therein as follows:

"The second count of the information charged that appellant without having first properly registered, did publicly profess to be a physician and surgeon and did then and there treat and offer to treat, etc. The writer has been un-. able to discover any evidence or testimony in the record which discloses that appellant ever publicly stated she was a physician or surgeon. The evidence reveals that appellant introduced herself as Dr. Iyonne Franklin and that she was often referred to as Dr. Franklin, and that she professed to be able to cure W. E. Fish of his mental and physical disorder for approximately $500. The writer confesses that he has been unable to find a case holding that ' such evidence is sufficient to show that appellant publicly professed to be a physician or surgeon."

 We have concluded that in the case at bar the evidence is insufficient to show that appellant publicly professed to be a physician and surgeon. The judgment is therefore reversed and the cause remanded.